IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD DAVID MALONE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 1:06cv248-WHA |
| ) | |
| SOUTHEAST ALABAMA MEDICAL ) | |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On March 17, 2006, *pro se* plaintiffs Ronald Malone and Sandra Brackins filed this action against defendants Southeast Alabama Medical Center, Doctors Jones, Tew, and Robinson, the Alabama Board of Medical Examiners and the Alabama Medical License Commission.[1] According to the plaintiffs, the defendants committed medical malpractice when they failed to properly treat Malone's pregnant daughter causing her to deliver a stillborn child. As a result, the plaintiffs allege claims of medical malpractice, wrongful death, and fraud. The plaintiffs seek damages in the amount of 100 million dollars on each count of the complaint.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest

---

[1] The plaintiffs also seek to proceed on behalf of minor B.B.B. However, it does not appear that either plaintiff is an attorney who could represent the minor in this action.

possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

It does not appear from a review of the complaint that the plaintiff presents a federal question to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, although the amount on controversy exceeds $75,000, it appears that all the defendants are from Alabama. Consequently, there does not appear to be diversity jurisdiction. *See* 28 U.S.C. § 1332. According, on the face of the complaint, it does not appear that this court has jurisdiction over this matter. Accordingly, it is

ORDERED that on or before April 6, 2006, the plaintiffs shall show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Done this 27th day of March, 2006.

                                          /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE