IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD DAVID MALONE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:06cv248-WHA |
| ) | (WO) |
| SOUTHEAST ALABAMA MEDICAL ) | |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 17, 2006, *pro se* plaintiffs Ronald Malone ("Malone") and Sandra Brackins ("Brackins") filed this action against defendants Southeast Alabama Medical Center, Doctors Jones, Tew, and Robinson, the Alabama Board of Medical Examiners and the Alabama Medical License Commission.[1]  According to the plaintiffs, the defendants committed medical malpractice when they failed to properly treat Malone's pregnant daughter causing her to deliver a stillborn child.  As a result, the plaintiffs allege claims of medical malpractice, wrongful death, and fraud.  The plaintiffs seek damages in the amount of 100 million dollars on each count of the complaint.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994);

---

[1] The plaintiffs also seek to proceed on behalf of their daughter as well as a minor, B.B.B.  However, it does not appear that either plaintiff is an attorney who could represent either minor in this action.

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction which continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

A review of the complaint demonstrates that the plaintiffs do not assert any federal claim. The plaintiffs assert that because the defendants are "Medicaid" providers and "Medicaid" paid their daughter's hospital bill, claims against them necessarily transform any state law claims into federal claims. The plaintiffs improperly intermingle and misconstrue federal jurisdictional requirements with the merits of their claims. While the plaintiffs may have stated a claim under the laws of the State of Alabama, in order to establish federal question jurisdiction, the plaintiffs must assert a claim based on a federal question. They have failed to do so. Thus, the court concludes that there is no basis under 28 U.S.C. § 1331 for this court having federal question jurisdiction over these claims. *See* 28 U.S.C. § 1331.

A federal district court may also exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The plaintiffs do not dispute that all the parties are residents of the State of Alabama. Therefore, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332. In short, this court lacks jurisdiction over all of the plaintiff's claims and this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be dismissed with prejudice for lack of subject matter jurisdiction. It is further

ORDERED that the parties shall file any objections to the this Recommendation on or before **April 27, 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on

appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 14th day of April, 2006.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE