IN The United States District Court
for The Middle District of ALAbama
Southern Division

RECEIVED
2006 APR 26 A 9:47
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Ronald David Malone, Et. Al.,
Plaintiff

v.

SouthEast Alabama Medical Center, Et. Al.
Defendant

Case No. 1:06 cv 248-WHA

Hon. Judge Charles S. Coody
Chief United States Magistrate

## Objection To The Magistrate Judge Recommendation

Comes NOW Ronald David Malone, by Pro-se under The Sixth Amendment of the United States Constitution, filed This Objection To The Magistrate Judge Recommendation for The following Thereof:

Plaintiff Brings This Cause To The Middle District of Alabama because of The Alabama Court of Civil Appeals Affirmation of The Lower Court of Houston County, Alabama of The Granting of Summary Judgement To The Above-named Defendant, This is Enough To Gives This Court Subject matter Jurisdiction, Defendant's and Plaintiff Are All United States Citizen, Living In the Middle District of Alabama, Jurisdiction is based upon Diversity of Citizenship 28 USC. §1332 see Davis v. Duplant's, 448 F.2d. 918 (5th Cir. 1971) It is well Settled That "The Pendency of An Action Under § 1985, The Action in State Court is No Bar to Proceeding Concerning The Same Subject matter Jurisdiction In federal Court. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 47 L.Ed.2d. 483, 96. S.Ct. 1236 (1976), Rule 17(A) 28 USC. Rule of Civil Procedure, Specifies That Every Action "Shall" be prosecuted In the name of the Real Party In Interest, An Executor, Administrator or a Party Authorized by statute may sue In his own name without Joining with the Party for whose

benefit The Action is brought, The District Court cannot Require me to Exhaust my state Remedies, Although I have Already, My Claim is Rightfully In This Honorable Court, The Lower Court Prejudice me by not Allowing A Court Reporter Present During A Summary Judgement Hearing, At my Request, This Court has All the Evidence of fraud, Wrongful Death And Medical Malpractice, This Case should be Remanded for further Proceeding And Proceed to Trial, Plaintiff Claims That Their Daughter's Chid And her was Denied Benefits That Medicade Approved; The Denial of Benefits for The use of Ultra Sound Which Medicare Provider's Denied would have Shown that My Daughter's baby need Delivering, The Actor ommission of the Above named Defend's or It Agents Made A Decision based upon Economic factors Rather Than the best Interest of Their Insured, The Managed Care Plan Administrator negligently Refused to Authorize In Patient Treatment for My Daughter, They Also Acted In Insurance bad faith, breached The Insurance Contract, And is Liable for The Malpractice of Their Health Care Provider's Medicad benefits. Howard v. Parisian, 807 F.2d. 1560, 1564 (11Cir. 1987) (Finding That ERISA preempted fradulent Inducement Claim That Required A Comparison of the Term of the ERISA Governed Policy to The Agent's Alleged Mis Representation. My Daughter's And Child was Denied Constitutional Right's under The 14th Amendment Equal Protection Clause, because My Daughter had A Right to be treated As A Person Insured under Blue Cross Blue shield, My Daughter was Subjected to Cruel And unusual Punishment under the Eight Amendment, When The Above-named Defendants by Their Acts And omission Let my Daughter Go for 3 days with A Dead body Inside of her And Coverup her high Temperture with fraud, This Action Clearly fall under The Eight Amendment, These Claim might be of first Impression but They need to be Addressed In A Court of Law. The Parent Company of the Above Named Defendant is not from Alabama And Any Payment or settlement would have to be Approved by The Parent Cooperation, Recent News Paper Article

Disclose of A Parent Co-operation And SouthEast Alabama Medical Center is Considered one of The Agent's And Health Care Provider in south East Alabama District, This Clearly Make A Claim of diversity Jurisdiction, Plaintiff's Contends That SouthEast Alabama Medical Center And not his Parent Co-operation was not named As A Defendant because I filed This Civil Action under §1985 And §1983 Against The Defendant's under The Color of Practices, 28 U.S.C. §1332 Clearly States Jurisdiction is base upon Diversity of Citzensip. see Thompson vs U.S. 368 f.supp. 466

I Asked This Honorable Court to Issue An Order To South East Alabama Medical Center To Diclose Their Parent Company or Co-operation And It will Show That This Co-operation is from Another State,

under §1986 Action for Neglect And under Alabama Medical Liabillity Act Three Question need to be Answered In the Affirmative

1. Did the Deceased have A Serious Medical need? yes
2. Were Defendants Aware of That need? yes
3. Were Defendant's "diliberately Indifferent" To That need? yes

IN A Court of Law I Can Establish A Constitutional Depriuction. Plaintiff Asked Another federal Question Whether Defendants /or It Agents Acting under the Color of Practice had A financial Incentive for Rejecting Request for Medical or Hospital benifits which Created A Conflict of Intrest between The Standard of Care That should have been Provided, or the Incentive That was Promise to Keep Cost Down by Welfare And Medicade Plan Which Comes under ERISA? see Quincy west vs. Samuel Atkins, 487 U.S. 42, 101 L.Ed. 40, 108 S.Ct. 8250 (1988) I Sanction This Civil Action under The federal Tort Claim Act, §1983, §1985 §1988 That This Case be Put on The Dockett, or Remand to the Circuit Court of Houston County Alabama. CASE NO. CV-04-0771 Court of Civil Appeals Case No. 2040853.

Certificate of A Service

I filed on This 24 day of April 2006. Objection To Magistrate Recommendation In the Middle District of Alabama United States District Court, by Placing It In the United States Postal Service.

Ronald David Nels[?]
Bullock Correctional facility
P.O. Box 5107
Union Springs, Alabama
36089

(4.)